IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOYLE CONNER, JR.,

    Plaintiff,

vs.                                                                   CASE NO.: 4:05cv24-SPM/AK

COLONIAL LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

Pending before the Court is Plaintiff's motion for leave to file an amended complaint (doc. 7). Defendant filed a response in opposition (doc. 10) and Plaintiff filed a reply (doc. 17, 18), which is accepted as timely filed.

**BACKGROUND**

Plaintiff Doyle Conner Jr. has filed suit against his disability income insurer, Defendant Colonial Life & Accident Insurance Company. The basis of the suit is Colonial's alleged investigation of Conner's income sources, termination of disability income benefits, and false statements to authorities that Conner had committed insurance fraud.

The proposed amended complaint contains two counts, both for intentional infliction of emotional distress. Count One centers on Colonial's

investigation of Conner and termination of benefits. Count Two centers on Colonial's false statements to authorities, leading to a criminal prosecution of Conner during which, Conner alleges, representatives of Colonial testified falsely.

The proposed amended complaint is Conner's third try. Conner relinquished his first complaint in response to a motion to dismiss filed by Colonial while this case was pending before the state court. Conner filed an amended complaint, which Colonial again moved to dismiss (see doc. 1, attachment 2, pp. 48-63). This case was subsequently removed to federal court. Instead of challenging Colonial's motion to dismiss, Conner has sought leave to file the amended complaint.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court denying leave must have a substantial reason. Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996). One such reason is if the proposed amendment would be futile. Id. An amendment is futile if the resulting complaint is subject to dismissal because it cannot state a valid claim for relief. Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).

While Colonial argues futility as a ground for denying leave to amend, Colonial leads with two other arguments that require only brief discussion. First, Colonial argues that leave should be denied because Conner violated Northern

District of Florida Local Rule 15.1[1] when he filed his proposed amended complaint without first seeking leave and when he failed to attach a copy of his proposed amended complaint along with a subsequent motion for leave to amend.  Of significance in deciding this issue is the fact that Conner filed a proposed amended complaint that both the Court and Colonial can review and the fact that Conner has sought leave of Court to amend, albeit belatedly.  Furthermore, Conner has caused no prejudice to Colonial.  Denying leave to amend under these circumstances is contrary to the spirit of the rules of civil procedure.[2]  Given the "strong policy of determining cases on their merits[,]" In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003), denying leave to amend is not appropriate on this ground.

Colonial argues next that leave to amend should be denied because the proposed amendment serves no purpose given Conner's concession that he is not asserting a new cause of action and not asserting any new facts.[3]  The amendment is responsive, however, to an argument Colonial made that the prior

---

[1] The rule provides in relevant part: "When leave is sought to amend a pleading pursuant to a motion, a copy of the proposed amended pleading in its entirety shall accompany the motion."  N.D. Fla. Loc. R. 15.1

[2] "The American legal system encourages the efficient resolution of claims on the merits, and not the avoidance of legal issues by means of tightfisted pleading requirements that constitute nothing more than traps for the unwary."  Harris v. Garner, 216 F.3d 970, 997 (11th Cir. 2000).

[3] "The amendments to the Plaintiff's initial complaint are not asserting a new cause of action or claim, and do not assert any new factual basis."  Motion for Leave to File Amended Complaint and Memorandum of Law, Doc. 7, ¶ 5.

complaint should be dismissed for improperly alleging multiple causes of action in a single count.  See Doc. 1, attachment 2, pp. 48-51.  The amendment, therefore, does serve a purpose.  The Court will not deny leave to amend on this ground.

Turning now to Colonial's futility arguments, four issues are presented.  The first is whether the economic loss rule bars Conner's claims in Count One.  The second is whether Colonial's alleged role in Conner's criminal prosecution is protected by an absolute litigation privilege.  The third is whether Conner's allegations meet the threshold for extreme and outrageous conduct to support a claim for intentional infliction of emotional distress.  The fourth is whether Conner has alleged a fiduciary relationship that is relevant to any claim.

### 1.     Economic Loss Rule

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."  Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So.2d 532, 536 (Fla. 2004).  Among other things, the rule prohibits a tort claim between parties in contractual privity if the only duty involved in the claim arises from a contract and the acts comprising the claim consist of nothing more than a breach of contract.  Id. at 537.  A breach of contract alone, therefore, cannot give rise to a tort claim.  Id.  To constitute a valid tort claim, a non-contractual duty must exist and be breached by acts that go beyond a simple failure to perform under a contract.  Id.  Such an independent tort claim is not

barred by the economic loss rule.  Id., see also Pershing Indus., Inc. v. Estate of Sanz, 740 So.2d 1246, 1248 (Fla. 3d Dist. Ct. App. 1999) ("[T]he economic loss rule does not preclude independent tort claims that fall outside the scope of a breach of contract.").

In this case, Conner alleges that Colonial intentionally or recklessly inflicted emotional distress upon him through outrageous conduct.  The duty to refrain from such conduct is proscribed by common law.  See Henderson v. Idowu, 828 So.2d 451, 453 (Fla. 2d Dist. Ct. App. 2002) (duty underlying common law claim for intentional infliction of emotional distress does not arise out of contract).  Conduct necessary to sustain a claim must surpass an ordinary breach of contract: it must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla. 1985) (adopting standard set forth in Restatement (Second) of Torts, cmt. d (1965)).

At least in the insurance context, intentional infliction of emotional distress is recognized as an independent tort that is distinct from an ordinary breach of contract.  See Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263, 265 (Fla. 5th Dist. Ct. App. 1987) (recognizing that, prior to the enactment of a statute allowing for first party bad faith claims, breach of contract and intentional infliction of emotional distress were the only first party actions available for bad faith failure to settle).  Assuming, therefore, that Conner can meet all of the elements of a claim for intentional infliction of emotional distress, the claim would not be

barred by the economic loss rule. Accordingly, leave to amend the complaint will not be denied on this ground.

### 2. Litigation Privilege

In assessing whether Colonial's conduct in Conner's criminal prosecution is protected by the litigation privilege, statements Colonial made prior to the initiation of judicial proceedings are treated differently from statements Colonial made during the course of judicial proceedings. "[S]tatements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 607 (Fla. 1994). The absolute privilege extends to witnesses. Id. In contrast, statements made prior to the initiation of judicial proceedings are protected by a presumptive qualified privilege. Fridovich v. Fridovich, 598 So.2d 65, 66, 69 (Fla. 1992). To overcome the presumptive qualified privilege, a plaintiff must ultimately show that the "statements were false and uttered with common law express malice–i.e., that the defendant's primary motive in making the statements was the intent to injure . . . the plaintiff." Id. at 69.

In determining whether leave to amend should be denied based on the privilege asserted by Colonial, the Court's consideration of the facts is limited to the allegations in the proposed amended complaint. This is because under Florida law, the litigation privilege is an affirmative defense. Am. Nat'l Title &

Escrow of Florida, Inc. v. Guarantee Title & Trust Co., 810 So.2d 996, 998 (Fla. 4th Dist. Ct. App. 2002).  An affirmative defense can be used to demonstrate that a complaint fails to state a claim for relief, but only if the face of the complaint conclusively shows the applicability of the defense to bar the action. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1277 (11th Cir. 2004).

From the face of the complaint, Colonial's statements made during Conner's trial, as alleged in paragraphs 4, 5, and 9 of the proposed amended complaint (doc. 6), are protected by the absolute litigation privilege.  Conner alleges that the statements were made in open court during his criminal trial and he makes no convincing argument why the absolute litigation privilege would not apply.

Colonial's statements in court, however, are not the sole basis for Conner's intentional infliction of emotional distress claim.  Conner also alleges that "prior to the institution of criminal charges, [Colonial] falsely reported to authorities that [Conner] had committed insurance fraud on [Colonial]."  Doc. 6 at ¶ 4.  Conner further alleges that Colonial knew the report was false and made the report with the intent to injure Conner.  Id.  This alleged conduct, which took place before judicial proceedings were initiated, is subject to a presumptive qualified privilege.  Fridovich, 598 So.2d at 69.  If Conner can prove his allegations, specifically that Colonial knew the report was false and that Colonial made the report with the intent to injure Conner, then Conner can overcome

Colonial's privilege.[4]  Id.  These allegations are sufficient, without regard to Colonial's statements made in court, to demonstrate that Conner's claims may survive even if Colonial asserts privilege as an affirmative defense.  Accordingly, leave to amend will not be denied on this ground.

      **3.**    **Extreme and Outrageous Conduct**

To state a viable claim for intentional infliction of emotional distress under Florida law, the conduct underlying the claim must be "extreme and outrageous." Lashley v. Bowman, 561 So.2d 406, 409 (Fla. 5th Dist. Ct. App. 1990).  This standard is adopted from the Restatement (Second) of Torts, Section 46, which recognizes a claim "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be utterly intolerable in a civilized community." Id. (quoting Restatement (Second) of Torts, § 46 comment d (1965)).  The conduct must be such that a "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Id. (quoting same comment to Restatement).  As a matter of law, the Court makes the initial determination of whether the conduct alleged can meet this standard.  Scheller v.

---

    [4]  Colonial cites to Florida Statutes, section 626.989(4)(c) as a separate source of protection for the report Colonial allegedly made to authorities that Conner committed insurance fraud.  Although Colonial represents that the statute provides Colonial with "absolute immunity" (doc. 10, p. 9) for making a complaint of suspected fraud to law enforcement, the statute expressly qualifies the immunity to apply only "[i]n the absence of fraud or bad faith."  Fla. Stat. 626.989(4)(c).  Conner's allegations are sufficient to plead bad faith on the part of Colonial.

Am. Med. Int'l Inc., 502 So.2d 1268, 1271 (Fla. 4th Dist. Ct. App. 1987).

Generally, conduct involving the abuse of a position of power is more likely to be viewed as extreme and outrageous in accordance with comment e to the Restatement (Second) of Torts, Section 46.  Lashley, 561 So.2d at 409-10. The comment explains that "[t]he extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests."  Restatement (Second) of Torts, § 46 comment e (1965).  In particular, Florida courts have recognized the position of power an insurance company has in relation to the insured.  See Dependable Life Ins. Co. v. Harris, 510 So.2d 985, 986 (Fla. 5th Dist. Ct. App. 1987); Domininguez v. Equitable Life Assurance Soc'y of the U.S., 438 So.2d 58, 62 (Fla. 3d Dist. Ct. App. 1983).

Applying this standard to the facts alleged by Conner, the Court finds Conner has stated a viable claim.  If supported by facts consistent with the allegations of the proposed amended complaint, a finding of liability against Colonial would be sustainable.  Accordingly, leave to amend will not be denied on this ground.

    **4.**    **Fiduciary Relationship**

Finally, Colonial complains that the proposed amended complaint contains allegations in two places that Colonial had a fiduciary relationship to Conner. Colonial acknowledges that the proposed amended complaint does not contain a claim for breach of fiduciary duty, but argues anyway that the allegation is "legally

insufficient". Doc. 10, p. 13.

Colonial's argument on this ground falls short of demonstrating that leave to amend should be denied for futility. As Colonial acknowledges, Conner's complaint does not contain a claim for breach of fiduciary duty. The allegations regarding the fiduciary relationship are nevertheless relevant to Conner's intentional infliction of emotional distress claim. As explained above, the relationship between the parties and the power Colonial has to affect Conner's interests is a factor to consider in determining the outrageous character of Colonial's alleged conduct.

Conner's characterization of the relationship, moreover, is consistent with the law, which now expressly recognizes in the first party insurance context that insurers have a duty to refrain from acting solely on the basis of their own interests and to act in good faith and deal fairly with their insureds. Allstate Indem. Co. v. Ruiz, ___ So.2d. ___, 30 Fla. L. Weekly S219, 2005 WL 774838, at *4- 5 (April 7, 2005) (describing the evolution of the fiduciary duty in third party actions and the extension of the duty to first party actions). Even before express recognition, the relationship, at least with regard to disability insurance, was deemed to be fiduciary in nature. See Dependable, 510 So.2d at 989 ("This constitutes outrageous behavior on Dependable's part because of its fiduciary relationship with Harris, its economic strength and power, and Harris's sickness, pecuniary circumstances and the need for (and dependence upon) the disability payments which Dependable wrongfully withheld.").

Based on the foregoing, the Court finds that Conner's proposed amended complaint is not futile and that no substantial reason exists to deny leave to amend. Accordingly, it is

ORDERED AND ADJUDGED:

1.  Conner's motion for extension of time to file a reply (doc. 16) is granted. The reply (doc. 17 and 18) is accepted as timely filed.

2.  Conner's motion for leave to file an amended complaint (doc. 7) is granted. The amended complaint (doc. 6) is accepted as filed.

3.  Colonial shall file a response to the amended complaint within 10 (ten) days of the date of this order.

DONE AND ORDERED this 3rd day of June, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge